UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDELL EATMON,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN, et al.,<br><br>    Defendants. | Case No. 20-cv-05596-HSG<br><br>**ORDER DENYING PEITIONER'S MOTION FOR LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO STAY**<br><br>Re: Dkt. Nos. 9, 11 |

Pending before the Court are motions to amend the petition for writ of habeas corpus and to stay the habeas petition filed by Petitioner Kendell Eatmon. Dkt. Nos. 9, 11. For the reasons detailed below, the Court **DENIES** the motions.

**I. BACKGROUND**

Petitioner is currently serving an aggregate state sentence of 52 years to life imprisonment for murder, possession of a firearm by a felon, and shooting at an occupied motor vehicle, with enhancements for personal use of a firearm resulting in great bodily injury. *See* Dkt. No. 4-6, Ex. D at 178–86. On August 13, 2020, Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. Petitioner later retained counsel for purposes of the traverse, filed on December 4, 2020. *See* Dkt. No. 8. The briefing on the habeas petition is now complete. However, several months after briefing was complete, Petitioner filed a motion to amend his petition to add the following three claims:

- Denial of Petitioner's Due Process rights under the Sixth and Fourteenth Amendments based on trial counsel's alleged ineffectiveness "for failing to investigate or prepare Petitioner's alibi defense" ("Claim Five");

- Denial of Petitioner's Due Process rights under the Sixth and Fourteenth Amendments

1  based on trial counsel's ineffectiveness "for failing to consult relevant expert
2  witnesses" ("Claim Six"); and

3  - Denial of Petitioner's Due Process rights under the Sixth and Fourteenth Amendments
4  because he is "legally, factually, and actually innocent of the offenses of which he was
5  convicted" ("Claim Seven").

6 Dkt. No. 9; Dkt. No. 10 at ¶¶ 39–50.  Petitioner recognizes that these claims are not exhausted.
7 *See* Dkt. No. 9 at 3.  He therefore also seeks a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir.
8 2002), to permit him to exhaust these claims in state court.  *See* Dkt. No. 11.  Respondent opposes
9 the motions, arguing that Petitioner's unexhausted claims are time-barred, such that amendment
10 would be futile.  Dkt. No. 12.

**II.  LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas petitions in federal court.  28 U.S.C. § 2244(d).  The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review."  *Id.* § 2244(d)(1)(A).  A habeas petition may be amended to add new claims after this one-year period, and that amendment will relate back to a timely-filed claim, only when "the newly-asserted claim 'arose out of the conduct, transaction, or occurrence set out' in the previous filing,'" *Alfaro v. Johnson*, 862 F.3d 1176, 1183 (9th Cir. 2017) (quoting Fed. R. Civ. P. 15(c)(1)(b)).  As the Supreme Court has clarified, "Rule 15(c) permits relation back only when new claims 'arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes.'"  *Id.* (quoting *Mayle v. Felix*, 545 U.S. 644, 656–64 (2005)).

**III.  DISCUSSION**

The Court finds that Petitioner's new claims—Claims Five through Seven—do not relate back to his original petition and are thus time-barred.  Petitioner's proposed amended petition clearly adds claims not "tied to a common core of operative facts."  *Mayle*, 545 U.S. at 655.  By Petitioner's own admission, Claims One through Four assert various errors by the trial court.  *See*

2

Dkt. No. 11 at 4–5 (describing arguments that "the trial court erred" or "erroneously admitted" certain evidence, and contending that these errors were cumulatively prejudicial). By contrast, and again by Petitioner's own admission, proposed new Claims Five through Seven assert ineffective performance by trial counsel, along with a previously unraised "actual innocence" argument. *See id.* at 5 (describing arguments that "trial counsel was ineffective" in various ways, and asserting actual innocence claim).

Petitioner argues that all of the claims relate back under the *Mayle* standard because the claims all "relate to the Superior Court's failure to provide Petitioner with a fair trial," *id.* at 6, and they "relate to how trial actually occurred," Dkt. No. 13 at 5. But the Supreme Court in *Mayle* directly rejected this sort of trial-based framing as "boundless." *Mayle*, 545 U.S. at 661. Additionally, the Ninth Circuit has explained that as a matter of law, claims of ineffective assistance do not share a "common core of operative facts" with asserted trial court errors. *See Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (relation back was inappropriate when petitioner's "original theory was based on trial counsel's alleged failures," and his "amended theory [was] based on the trial court's alleged errors"). Petitioner's only response to *Schneider* and the other Ninth Circuit authority cited by Respondent is that these cases "were wrongly decided." *See* Dkt. No. 13 at 5–6. Petitioner's view notwithstanding, these cases are binding on this Court and these parties unless and until they are overruled, and the Court easily concludes that this controlling authority establishes that Petitioner's new proposed claims do not relate back.

## IV.   CONCLUSION

In sum, because Claims Five through Seven do not relate back to a timely petition, they are time-barred. Given this finding, granting Petitioner leave to amend the complaint and stay the case would be futile because the proposed new claims fail as a matter of law. Accordingly, the Court **DENIES** both motions.

**IT IS SO ORDERED.**

Dated: 2/3/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge